UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FELICIA PALMER, (F/K/A FELICIA DUDLEY),

                            Plaintiff,        **REPORT AND**
                                             **RECOMMENDATION**
          -against-                                14-CV-4083 (JFB)(AYS)

FANNIE MAE, ALSO KNOWN AS FEDERAL
NATIONAL MORTGAGE ASSOCIATION,

                            Defendant.
----------------------------------------------------------------X
APPEARANCES:

BY: FELICIA PALMER, PRO SE
For Plaintiff
11 Croyden Road
Amityville, New York 11701

ROSICKI ROSICKI & Associates, P.C.
BY: ANDREW C. MORGANSTERN, ESQ.
Attorney for Defendant
51 E. Bethpage Road
Plainview, New York 11803

**SHIELDS, Magistrate Judge:**

      Pro se plaintiff Felicia Palmer ("Palmer" or "Plaintiff") commenced this action on July 1, 2014, against defendant Fannie Mae, also known as the Federal National Mortgage Association ("Fannie Mae" or "Defendant"), alleging violations pursuant to 42 U.S.C. § 1983 and the Fair Housing Act, 42 U.S.C. § 3604 et seq. (the "FHA"), as well as Defendant's alleged breach of a foreclosure-related settlement agreement caused by its refusal to sell a property to Plaintiff because she was the fiancé of the property's former owner. On July 28, 2015, Plaintiff's Complaint was dismissed with leave to file an amended complaint to assert a valid claim under the FHA. See Docket Entry ("DE") [39].

1

On August 25, 2015, Plaintiff filed an Amended Complaint, once again asserting claims pursuant to the FHA, as well as a cause of action for an alleged breach of a foreclosure-related settlement agreement. Plaintiff also included causes of action pursuant to Executive Order 11,063, and the False Claims Act, 31 U.S.C. § 3729.

Presently before this Court, upon referral by the Honorable Joseph F. Bianco for Report and Recommendation, see DE [55], is Defendant's motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. DE [50]. This Court respectfully recommends that the motion be granted and that Plaintiff's Amended Complaint be dismissed with prejudice.

## BACKGROUND

I. Documents Considered

As is required in the context of this motion to dismiss, the factual allegations in the Complaint, though disputed by Defendant, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of the Plaintiff.

While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the Complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effects of which the Complaint "relies heavily" and which are, thus, rendered "integral" to the Complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002); see Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Moreover. "[a] court may take judicial notice of a documents filed in another court not for the truth of the

matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (quoting Int'l Star Class Yacht Racing Ass'n Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)).

Where, as here, the complaint was filed pro se, it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted). Nonetheless, a pro se complaint must state a plausible claim for relief. See Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009)

The Court turns now to discuss the facts set forth in Plaintiff's Amended Complaint, construed in her favor.

## II. Facts

### A. The Foreclosure and Settlement Agreement

Plaintiff alleges in her Amended Complaint and her affidavit submitted in opposition to the instant motion, that she and her two children became tenants in a property owned by Felix Galvez ("Galvez") in Amityville, New York. See Am. Compl. at p. 2, DE [41]; see also Plaintiff's Affidavit in Opposition to Defendant's Notice of Motion to Dismiss ("Pl.'s Aff."), ¶¶ 5-8, DE [51]. In September 2008, Plaintiff opened a licensed daycare business in the Amityville property. See Am. Compl. at p. 2; see also Pl.'s Aff. ¶ 11. At some point during the tenancy Plaintiff and Galvez became a couple which resulted in an engagement. See Pl's Aff. ¶ 71.

In October 2011, after Galvez unsuccessfully attempted to obtain a modification of his mortgage on the Amityville property, Fannie Mae obtained a judgment of foreclosure and sale in Suffolk County Supreme Court. See Pl.'s Aff. ¶¶ 12-13, 15-20. Galvez and Plaintiff filed an

3

action in state court attempting to prevent the foreclosure, which resulted in a settlement agreement being signed on July 17, 2012 between Fannie Mae, Galvez and Plaintiff. See Am. Compl. at p. 1-2; see also Pl.'s Aff. ¶¶ 21- 29, Settlement Agreement, Ex. F. at p 32-33.

Plaintiff alleges that on the day of the signing, before the parties put pen to paper, counsel for Fannie Mae handwrote paragraph 12 of the agreement which states, "Petitioner will consider all reasonable offers to purchase the property from qualified purchasers, including respondents. Offers from the respondents will be given first priority prior to the vacate date." Pl.'s Aff. ¶ 29; Ex. F, Settlement Agreement at p. 32-33. Plaintiff alleges that between September 2012, and December 2012, she submitted three reasonable offers to Defendant during the foreclosure but all three were rejected and the house was sold for a similar amount. See Am. Compl. at p. 2; see also Pl.'s Aff. ¶¶ 47-75.

Plaintiff was first made aware that paragraph twelve of the settlement agreement was unenforceable during a December 2012 court appearance at which time Fannie Mae rejected Plaintiff's third offer, and the stay of the foreclosure of the property was vacated. See Am. Compl. at p. 3. Plaintiff further alleges that she was pregnant at the time of the attempted purchase. Id. at p. 3.

B. Procedural History

Plaintiff commenced this action on July 1, 2014. See Compl., DE [1]. On November 12, 2014 Fannie Mae moved to dismiss the Complaint, see DE [21]. On July 28, 2015, the District Court granted Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim, with leave to file an amended complaint with a revised cause of action under the FHA. See DE [39]. The District Court's decision, which was placed on the record during a telephone conference (the transcript of which appears as Docket Entry No. 46 herein), makes clear that

Plaintiff stated no valid claim of housing discrimination in her original complaint, which alleged discrimination based only upon Plaintiff's relationship with Galvez. DE [46] at 10. Plaintiff was granted leave, however, to file an amended complaint to attempt to state a valid claim of housing discrimination. DE [46] at p. 10:24-12:13. In connection with leave to amend, the District Court pointed out that Plaintiff might be able to state a claim if she were to properly allege discrimination based upon disability due to her claim of viral encephalitis, familial status based upon the fact that she had two children, or her pregnancy. See DE [46] at 10:24-11:9. After fully explaining the deficiencies in the original complaint, and the option of filing an amended complaint, the District Court dismissed the original complaint but granted Plaintiff thirty days in which to amend. DE [46] at 12:2-13.

In accord with the leave granted by the District Court, Plaintiff filed an Amended Complaint on August 25, 2015. See Am. Compl. DE [41]. Defendant then filed the instant motion to dismiss on October 29, 2015. See DE [50]. Upon briefing of the motion it was referred to this Court for report and recommendation. See DE [55].

    C.    Causes of Action

The Amended Complaint re-alleges a cause of action under the FHA for discrimination as well as Plaintiff's claim for fraudulent misrepresentation, and asserts two new claims pursuant to Executive Order 11,063 and the False Claims Act, 31 U.S.C. § 3729. See Am. Compl.

III.    The Motion to Dismiss

Defendant moves to dismiss all claims. Defendant argues that even assuming the veracity of Plaintiff's account of the events surrounding the settlement agreement and the three offers, Plaintiff has still failed to state a claim. Specifically, Defendant argues that Plaintiff has failed to allege that Fannie Mae's actions, i.e., the rejection of Plaintiff's three offers, were due

to her pregnancy, nor that Plaintiff has alleged that Fannie Mae was aware that Plaintiff had two children. Therefore, Defendant asserts that Plaintiff has failed to allege that a discriminatory purpose was a motivating factor in its rejection of Plaintiff's three offers to purchase the property, and has thus, failed to state a claim under the FHA. Defendant argues that Plaintiff's cause of action pursuant to Executive Order 11,063 fails to state claim because the Executive Order only prohibits discrimination against housing financed through Federal assistance, which Plaintiff has not alleged here. Finally, Defendant argues that Plaintiff's False Claims Act cause of action is likewise procedurally improper and must be dismissed. Having summarized the relevant facts, the Court turns to the merits of the motion.

DISCUSSION

I. Legal Principles: Standards Applicable on Motions to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading sufficient factual content to allow a court to reasonably infer the defendant's liability. Twombly, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 555).

District courts are "obligated to construe pro se complaint [s] liberally," Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), interpreting them "to raise the strongest arguments that

6

they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Courts may not, however, read into pro se submissions claims inconsistent with the pro se litigant's allegations, Phillips v. Girdich, 408 F.3d 124, 127 (2d Cir. 2005) (citation omitted), or arguments that the submissions themselves do not "suggest," Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

With these standards in mind, the Court turns to assess the viability of Plaintiff's claims.

II. Federal Law Claims

A. FHA Claim

The Fair Housing Act makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Likewise, property owners and their agents may not "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling." Id. § 3604(b). Furthermore, the Fair Housing Act was amended in 1988 to prohibit discrimination in housing against persons with disabilities, including discrimination in a sale or rental or to otherwise make unavailable or deny a dwelling to any buyer or renter because of a handicap of that buyer or renter, a person residing in or intending to reside in that dwelling after it is sold, rented or made available or any person associated with the buyer or renter. Id. § 3604(f)

The FHA defines familial status as:

[O]ne or more individuals (who have not attained the age of 18 years) being domiciled with (1) a parent or another person having legal custody of such individual or individuals; or (2) the designee of such parent or other person having such custody, with the written permission of such parent or other person. The protections afforded against discrimination on the basis of familial status

7

shall apply to any person who is pregnant or is in the process of securing legal custody of the individual who has not yet attained the age of 18 years.

42 U.S.C. § 3602(k).

"Claims of housing discrimination are evaluated under the familiar burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)." Mancuso v. Douglas Elliman LLC, 808 F. Supp. 2d 606, 617 (S.D.N.Y. 2011). Under this framework, "Plaintiffs must first establish a prima facie case" of discrimination, and then "'the burden shifts to the defendant to assert a legitimate, nondiscriminatory rationale for the challenged decision.'" Id. (quoting Mitchell v. Shane, 350 F.3d 39, 47 (2d Cir. 2003)). "'If the defendant makes such a showing, the burden shifts back to the plaintiff to demonstrate that discrimination was the real reason for the defendant's action.'" Id. (quoting Mitchell, 350 F.3d at 47). To state a prima facie case of discrimination under § 3604, a plaintiff must allege that (1) she is a member of a protected class, (2) she sought and was qualified for the dwelling at issue; (3) she was denied the right to procure the dwelling; and (4) the dwelling remained available after being denied to him. See Cabrera v. Jakabovitz, 24 F.3d 372, 381 (2d Cir. 1994); Hughes v. Lillian Goldman Family, LLC, 153 F. Supp. 2d 435, 449 (S.D.N.Y .2001).

Construed liberally, Plaintiff seems to allege that because she was visibly pregnant when she entered into the settlement agreement with Fannie Mae and when making her three offers to purchase the property, the Defendant discriminated against her by denying her bid. Plaintiff similarly alleges that Defendant discriminated against her by denying her bid because Plaintiff has two minor children.

"[T]o survive a motion to dismiss the plaintiff[s] must plead more than the conclusory assertion that they met the stated requirements and therefore were qualified to rent or purchase the housing." Johnson v. Levy, 812 F. Supp. 2d 167, 181 (E.D.N.Y. 2011) (internal quotation

marks omitted). Instead, the "plaintiff[s] must allege facts from which the court can infer that they satisfied any necessary preconditions." Id. (internal quotation marks omitted).

The Plaintiff and her children appear to meet the criteria of a family and therefore are members of a protected class under the FHA. Nonetheless, Plaintiff's FHA claim fails. Plaintiff fails to allege that she was discriminated against because she had minor children. Plaintiff's Amended Complaint simply states that "I had two children under the age of 18 who resided at that residence." Am. Compl. at 2. The Amended Complaint is devoid of any allegation that Plaintiff's bids to purchase the property were rejected due to her minor children or that her minor children were a motivating factor for Defendant rejecting her bids. Plaintiff has similarly failed to allege that Defendant discriminated against her in rejecting her bids on account of her pregnancy, as the Amended Complaint simply states that at the time the bids were made "[Plaintiff] was also approximately 8 to 9 months pregnant." Am. Compl. at 3. Plaintiff has failed to allege that either her two children or her pregnancy caused Fannie Mae to reject her three offers to purchase the property. Accordingly, Plaintiff's FHA claim is dismissed.

B. Executive Order 11,063

Executive Order 11,063 was issued by President Kennedy in 1962 and states that "the granting of Federal assistance for ... housing and related facilities from which Americans are excluded because of their race, color, creed, or national origin is unfair, unjust, and inconsistent with the public policy of the United States as manifested in its Constitution and laws," and expresses concern that "discriminatory policies and practices based upon race, color, creed, or national origin now operate to deny many Americans the benefits of housing financed through Federal assistance." Exec. Order No. 11,063, 27 Fed. Reg. 11,527 (1962). Because the Plaintiff has failed to allege that any of the financing to purchase the property was obtained through

Federal assistance, and, rather, alleges that she obtained private financing to purchase the property, Executive Order 11,063 is inapplicable. Accordingly, Plaintiff has failed to state a claim and this cause of action must be dismissed.

    C.    <u>The False Claims Act</u>

The False Claims Act ("FCA") prohibits false claims against government funds. 31 U.S.C. § 3729. Under the FCA, "individuals are authorized to 'bring a civil action for a violation of [the Act] for the [complaining] person and for the United States Government.'" <u>United States ex rel. Kreindler & Kreindler v. United Tech. Corp.</u>, 985 F.2d 1148, 1153 (2d Cir. 1993) (quoting 31 U.S.C. § 3730(b)(1) (1988)) (alterations in <u>Kreindler</u>).

A party, often termed a "relator" in this context, <u>Kreindler</u>, 985 F.2d at 1153, may commence an action by filing a <u>qui</u> <u>tam</u> complaint, 31 U.S.C. § 3730(b)(1). After the action is brought, the complaint must remain sealed for at least 60 days, <u>id</u>. § 3730(b)(2), and the Government may extend the duration of the sealing period by applying to the court and showing good cause, <u>id.</u> § 3730(b)(3). "The action is brought in the name of the government, and the government may either intervene and prosecute the action, or allow the original plaintiff— the <u>qui</u> <u>tam</u> relator—to proceed with the suit under § 3730(b)(4)(B)." <u>Kreindler</u>, 985 F.2d at 1153 (internal citations omitted). "Whether or not the government joins in the action, the relator is entitled to a portion of the proceeds if the prosecution is successful." <u>Id.</u>

"While relators indisputably have a stake in the outcome of False Claims Act <u>qui</u> <u>tam</u> cases that they initiate, 'the Government remains the real party in interest in any such action.'" <u>United States ex rel. Mergent Servs. v. Flaherty</u>, 540 F.3d 89, 93 (2d Cir. 2008) (quoting <u>Minotti v. Lensink</u>, 895 F.2d 100, 104 (2d Cir. 1990)). "Because relators lack a

personal interest in False Claims Act qui tam actions, ... they are not entitled to proceed pro se." Id.

Because Plaintiff is not represented and it is settled law in this Circuit that qui tam actions may not be maintained by a plaintiff proceeding pro se, see Flaherty, 540 F.3d at 93, Plaintiff cannot maintain a qui tam action.

Assuming arguendo that Plaintiff had representation, Plaintiff's claim would still fail. To impose liability under the FCA, Plaintiff must allege that Defendant "(1) made a claim, (2) to the United States government, (3) that is false or fraudulent, (4) knowing of its falsity, and (5) seeking payment from the federal treasury." Mikes v. Straus, 274 F.3d 687, 695 (2d Cir. 2001).

Plaintiff claims that Fannie Mae defrauded the government by purchasing the property despite the fact that the sums owed under the mortgage exceeded the market value and also by selling the property at a loss. Nowhere in the Amended Complaint does Plaintiff allege that Fannie Mae knowingly submitted a false claim to the United States government seeking payment from the federal treasury. Accordingly, Plaintiff's False Claims Act cause of action is dismissed.

IV.     State-Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c); (c)(3); see Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d. Cir. 2011). The Supreme Court explained: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a federal-law claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction. Accordingly, this Court further recommends that the Court refrain from exercising supplemental jurisdiction over any potential state-law claims contained in Plaintiff's Amended Complaint

V.     Leave to Amend

The Second Circuit has cautioned that, when a liberal reading of a pro se complaint "gives any indication that a valid claim might be stated," the district court should not dismiss the complaint without granting leave to amend. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted); see FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). It is well settled, however, that "leave to amend a complaint need not be granted when amendment would be futile." Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003); see Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (holding that a "futile request to replead," even by a pro se litigant, "should be denied"). An amendment is "futile" if the proposed pleading would not withstand a motion to dismiss. See Jones v. Phelps Corp., 2014 WL 2195944, at *3 (N.D.N.Y. May 22, 2014). Thus, the proposed amended complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Barnhart v. Town of Parma, 252 F.R.D. 156, 158 (W.D.N.Y. Sept. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Applied here, amendment would be futile, given that Plaintiff has already been granted leave to replead and the amended claims fail in substance, as discussed above. When better

pleading will not cure a complaint's defects, leave to amend should be denied. See Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990).

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Defendant's motion to dismiss be granted in its entirety and Plaintiff's claims be dismissed with prejudice.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to Defendant's counsel via ECF. Furthermore, the Court directs Defense counsel to (1) to serve a copy of this Report and Recommendation by first class mail to Plaintiff at her last known addresses, and (2) to file proof of service on ECF within two days. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
August 25, 2016

      /s/ Anne Y. Shields
     Anne Y. Shields
     United States Magistrate Judge