FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 23 2016 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FELICIA PALMER, formerly known as
FELICIA DUDLEY,

                     Plaintiff,

-against-

FANNIE MAE, also known as FEDERAL
NATIONAL MORTGAGE ASSOCIATION,

                     Defendant.
----------------------------------------------------------X

ORDER
14-CV-4083 (JFB)(AYS)

JOSEPH F. BIANCO, District Judge:

Plaintiff, Felicia Palmer ("plaintiff"), filed this *pro se* action against defendant Fannie Mae ("Fannie Mae" or "defendant"), alleging that defendant violated the Fair Housing Act (the "FHA"), Executive Order 11063, and the False Claims Act, and asserting a claim for fraudulent misrepresentation. Defendant moved to dismiss these claims.

Before the Court is a Report and Recommendation ("R & R") from Magistrate Judge Shields (ECF No. 56), as well as plaintiff's objections to the R & R (ECF No. 58) and defendant's response to those objections (ECF No. 59). The R & R recommends that this Court grant defendant's motion to dismiss in its entirety and deny leave to amend.

For the reasons that follow, having reviewed the entire R & R *de novo*, the Court adopts Magistrate Judge Shield's R & R, with the exception of the recommendation that plaintiff be denied leave to amend her claim under the FHA.

## I. PROCEDURAL HISTORY

Plaintiff filed a complaint in this action on July 1, 2014, asserting that defendant discriminated against her under the FHA based upon her relationship with her fiancé by refusing

to sell her the property at which they were living and to which defendant had obtained title through a foreclosure sale. Defendant moved to dismiss. On July 28, 2015, this Court granted defendant's motion because plaintiff could not establish that she was a member of a class entitled to protection under the FHA based upon her relationship with her fiancé. However, the Court granted plaintiff leave to replead to assert a valid claim under the FHA. Plaintiff filed an amended complaint on August 25, 2015, this time alleging that she was a member of a class protected by the FHA based upon the fact that she was pregnant and a parent of two children under the age of eighteen at the time of the conduct in question. The amended complaint also added three new claims, alleging violation of Executive Order 11063 and the False Claims Act and fraudulent misrepresentation. Defendant has again moved to dismiss these claims. On April 18, 2016, the Court referred the motion to dismiss to Magistrate Judge Shields for a Report and Recommendation. Magistrate Judge Shields issued the R & R on August 25, 2016, recommending that plaintiff's complaint be dismissed in its entirety and directing that any objections to the R & R were due within fourteen days. On September 6, 2016, plaintiff filed her objections ("objections"), and defendant responded to those objections on September 13, 2016.[1]

## II. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objection" is made, the Court may accept the findings

---

[1] In its response to plaintiff's objections, Fannie Mae argues that plaintiff's objections were not timely filed within the fourteen-day window provided for in the R & R, presumably based on the fact that plaintiff's objections were not docketed on ECF until September 9, 2016. However, the specific language of the R & R only requires that the objections be *filed* in fourteen days, which they were. The time stamp on the objections indicates that they were filed in the Clerk's Office for the Eastern District of New York on September 6, 2016. Accordingly, the Court does not find them to be untimely.

contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *Santana v. United States*, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Plaintiff has objected to the R & R's conclusions regarding each claim. Accordingly, the Court will perform a *de novo* review of the entire motion to dismiss.

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require

3

"heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662 (2009). The Supreme Court instructed district courts to first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679 (explaining that though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting and citing *Twombly*, 550 U.S. at 556-57 (internal citation omitted)).

The Court notes that in adjudicating a Rule 12(b)(6) motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and reversed in part on other grounds*

*sub nom. Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim.").[2]

### III. DISCUSSION

Defendant challenges the R & R on several grounds and contends that her claims are sufficiently pled to withstand the motion to dismiss. The Court has carefully considered her objections and reviewed the R & R *de novo*. As detailed below, the Court concurs with Judge Shield's conclusion that plaintiff has failed to sufficiently plead the claims alleged in her amended complaint. Thus, the Court adopts Judge Shield's R & R, with the exception of the recommendation that plaintiff be denied leave to replead her FHA claim; this Court concludes that plaintiff should be permitted to replead this claim.

#### A. Alleged Fair Housing Act Violation

The Fair Housing Act ("FHA") makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Likewise, property owners and their agents may not "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling." *Id.* § 3604(b). The FHA defines familial status as:

> [O]ne or more individuals (who have not attained the age of 18 years) being domiciled with (1) a parent or another person having legal custody of such

---

[2] The Court notes that, although claims of housing discrimination under the FHA are evaluated under the three-part burden-shifting analysis set forth by the Supreme Court in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), *see Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003), at the motion to dismiss stage, a plaintiff is not obligated to establish a prima facie case of discrimination under *McDonnell Douglas*. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) ("The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement.").

individual or individuals; or (2) the designee of such parent or other person having such custody, with the written permission of such parent or other person. The protections afforded against discrimination on the basis of familial status shall apply to any person who is pregnant or is in the process of securing legal custody of any individual who has not attained the age of 18 years.

42 U.S.C. § 3605(k).

To establish a prima facie case of discrimination under the FHA, plaintiff must allege that: (1) she is a member of a protected class; (2) she sought and was qualified to rent or purchase the housing; (3) she was rejected, and (4) the housing opportunity remained available to other renters or purchasers. *Mitchell*, 350 F.3d at 47. Further, plaintiff must offer "factual allegations that support a reasonable inference that defendant[] w[as] motivated by discriminatory animus," in other words, that defendant took certain actions because of plaintiff's familial status. *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 505-06 (S.D.N.Y. 2015).

Plaintiff states that she was pregnant at the time that she was negotiating with Fannie Mae and that she was living with her two children who were under the age of eighteen. Thus, she has adequately alleged that she was a member of a class protected by the FHA based upon her familial status at the time of the events in question. However, this Court agrees with the conclusion of the R & R that the complaint fails to state a claim for discrimination under the FHA because nowhere in the complaint does plaintiff actually allege that Fannie Mae discriminated against her *because of* her protected status, nor does she provide any factual basis for the claim that would allow the Court to assess whether such a claim is plausible. *See Wiltshire v. Dhanraj*, 421 F. Supp. 2d 544, 552 (E.D.N.Y. 2005) (dismissing complaint because the plaintiffs "ha[d] not articulated any action taken by [the defendants] *because of* plaintiffs' race, color, or national origin").

Plaintiff's opposition[3] does go somewhat further than her complaint by at least making the allegation that defendants discriminated against her based on familial status; however, it does so in only conclusory terms. She alleges: defendant "discriminat[ed] against me based on familial status (a pregnant woman with two minor children under 18 years of age) based on [the] terms [and] conditions of the sales price to purchase [the] property." (Pl.'s Opp'n to Mot. to Dismiss 4.) This kind of pleading that only conclusorily alleges that Fannie Mae was motivated by a discriminatory intent is insufficient to withstand a motion to dismiss. *See, e.g., Wilmer v. Albany Cty. Soc. Servs.*, No. 16-CV-905 (NAM)(CFH), 2016 WL 4398489, at *3 (N.D.N.Y. July 25, 2016) (dismissing FHA claim because plaintiff offered only "bald allegations of discrimination on the basis of race or gender, without specific evidence to support that the [defendant's action] . . . was motivated by, or caused by, plaintiff's [protected characteristics]"), *report and recommendation adopted*, No. 116CV00905NAMCFH, 2016 WL 4386007 (N.D.N.Y. Aug. 17, 2016); *Jones v. Cawley*, No. 10-CV-0712, 2010 WL 4235400, at *5 (N.D.N.Y. Oct. 21, 2010) (dismissing cause of action for discrimination under the FHA because the plaintiff failed to offer any factual allegations supporting his claim that the alleged harmful conduct was related to plaintiff's race); *Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 592 F. Supp. 2d 283, 290 (N.D.N.Y. 2008) (plaintiff could not make out a claim for violation of [§ 3605] by "offer[ing] only conclusory allegations to demonstrate that discriminatory measures were implemented *because* of her disability"), *aff'd*, 421 F. App'x 97 (2d Cir. 2011); *Wiltshire*, 421 F. Supp. 2d at 555 (E.D.N.Y.2005) ("[A] conclusory allegation that the Plaintiffs discriminated against the Defendants because they were 'minority buyers' is insufficient to state

---

[3] "Although a court generally may not look outside the pleadings when reviewing a 12(b)(6) motion to dismiss, because a *pro se* plaintiff's allegations must be construed liberally it is appropriate for a court to consider factual allegations made in a *pro se* plaintiff's opposition memorandum, as long as the allegations are consistent with the complaint." *Chukwueze v. NYCERS*, 891 F. Supp. 2d 443, 448 (S.D.N.Y. 2012).

a cause of action under the FHA."). Because plaintiff does nothing to connect her familial status to defendant's allegedly wrongful refusal to sell her the home other than point out that she was pregnant and a parent of minor children at the time defendant rejected her purchase offer,[4] the Court concurs with the R & R's conclusion that plaintiff has failed to state a claim for violation of the FHA.

### B. Alleged Violation of Executive Order 11063

Executive Order 11063 provides that "the granting of Federal assistance for . . . housing and related facilities from which Americans are excluded because of their race, color, creed, or national origin is unfair, unjust, and inconsistent with the public policy of the United States as manifested in its Constitution and laws," and therefore orders the that "all departments and agencies in the executive branch of the Federal Government" must:

> [T]ake all action necessary and appropriate to prevent discrimination because of race, color, creed, or national origin (a) in the sale, leasing, rental, or other disposition of residential property and related facilities [], or in the use or occupancy thereof, if such property and related facilities are . . . (ii) provided in whole or in part with the aid of loans, advances, grants, or contributions hereafter agreed to be made by the Federal Government.

Exec. Order No. 11,063, 27 Fed. Reg. 11,527 (1962).

The R & R recommends that this claim be dismissed because plaintiff failed to allege that any of the financing to purchase the property at issue was obtained through federal funds. (R & R at 9-10.) Although the Court agrees that this claim must be dismissed on that ground, it also concludes that dismissal is warranted for the separate reason that the Executive Order plainly only prohibits discrimination on the basis of "race, color, creed, or national origin." Nowhere in

---

[4] Plaintiff's opposition references a newspaper article concerning maternity-related mortgage discrimination; however, the article discusses only the conduct of lenders and mortgage insurers and makes no reference to Fannie Mae, and thus, it appears inapposite to the instant case. (Opp'n 6.) In any event, plaintiff does not explain how the alleged practices referenced in the article relate to her situation.

8

her complaint does plaintiff allege that she was discriminated against based on her membership in any of these protected classes. Accordingly, she has failed to state a claim for violation of Executive Order 11063.

### C. Alleged False Claims Act Violations

The R & R correctly concluded that plaintiff's False Claims Act cause of action must be dismissed. The law in this Circuit is clear that *pro se* litigants may not pursue qui tam actions under the False Claims Act. *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008). As plaintiff is not represented, she cannot maintain a claim under the Act.

In her opposition and her objections, she cites a provision of the Act that states that qui tam actions "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting" and argues that the Court lacks authority to dismiss her False Claims Act claim because she has never seen any evidence that the Attorney General has consented to the dismissal of her claim. This argument fails. The Second Circuit has explained that this provision applies "only in cases where a plaintiff seeks voluntary dismissal of a claim or action brought under the False Claims Act, and not where the court orders dismissal." *Flaherty*, 540 F.3d at 91 (citing *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)). The latter scenario applies here, and therefore the Court is not barred from dismissing plaintiff's complaint without the approval of the Attorney General.

### D. Claim for Fraudulent Misrepresentation

Under 28 U.S.C. § 1367, which governs a federal court's exercise of supplemental jurisdiction, "[t]he district court may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Spiegel v. Schulmann*, 604 F.3d 72, 78 (2d Cir. 2010). Indeed, "in the usual

9

case in which all federal-law claims are eliminated before trial, the balance of factors [of judicial economy, convenience, fairness, and comity] will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); *see Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 103 (2d Cir. 1998) ("[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice.") (emphasis in original). Here, as plaintiff has failed to state a claim under federal law at this juncture, this Court agrees with Judge Shield's recommendation that, in the interests of judicial economy, convenience, fairness, and comity, this Court should decline to exercise supplemental jurisdiction over plaintiff's state law claim, and therefore, that this claim should be dismissed.

## IV. LEAVE TO AMEND

Judge Shields recommended that plaintiff be denied leave to replead, concluding that better pleading would not cure the defects in plaintiff's complaint. This Court agrees that plaintiff's claims for violation of Executive Order 11063 and the False Claims Act are defective and cannot be cured by any amendment to the pleadings. However, the Court concludes that plaintiff should be permitted to amend her claim for violation of the FHA.

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 5(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted);

*see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "Further, if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend. This is especially true when the complaint states a claim that is on its face nonfrivolous." *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

Although plaintiff has already been permitted to replead the FHA claim following the dismissal of her original complaint; her FHA claim in her original complaint proceeded on a different theory (discrimination based upon her relationship with her fiancé) than the one proffered in the amended complaint (pregnancy and familial status discrimination). Thus, the court concludes that, in the interest of justice, especially in light of plaintiff's *pro se* status, plaintiff should have a chance to replead her discrimination claim based upon this new theory and be provided with an opportunity to set forth in an amended complaint what facts support her conclusory claim that she was the victim of discrimination based on her pregnancy and familial status. Plaintiff shall have thirty days from the date of this Order to file an amended complaint to assert a valid claim under the FHA. Plaintiff is cautioned that her failure to file an amended complaint within the time allowed will lead to the dismissal of her federal claims with prejudice.

## V. CONCLUSION

For the foregoing reasons, the Court adopts the portion of the R & R dismissing plaintiff's complaint; however, the Court shall grant plaintiff leave to amend her FHA claim. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: September 23, 2016
Central Islip, New York

12