UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

FELICIA PALMER, formerly known as
FELICIA DUDLEY,

               Plaintiff,

    -against-

FANNIE MAE, also known as FEDERAL,
NATIONAL MORTGAGE ASSOCIATION,

               Defendant.
----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 18 2017 ★
LONG ISLAND OFFICE

**ORDER**
14-CV-4083 (JFB) (AYS)

JOSEPH F. BIANCO, District Judge:

On July 1, 2014, *pro se* plaintiff Felicia Palmer, formerly known as Felicia Dudley ("plaintiff"), filed the complaint in this action against defendant Fannie Mae, also known as the Federal National Mortgage Association ("Fannie Mae" or "defendant"), alleging violations pursuant to 42 U.S.C. § 1983 and the Fair Housing Act, 42 U.S.C. § 3604 *et seq.* (the "FHA"), as well as defendant's breach of a foreclosure-related settlement agreement. (Compl., Dkt. No. 1.) Plaintiff's action concerned a property located at 3346 Great Neck Road, Amityville, New York (the "property"), which was owned by Felix Galvez ("Galvez"). On July 28, 2015, the Court granted defendant's motion to dismiss with leave for plaintiff to amend her FHA claim. (Dkt. No. 39.) On August 25, 2015, plaintiff filed an amended complaint, once again asserting claims pursuant to the FHA and a cause of action relating to the settlement agreement, as well as causes of action pursuant to Executive Order 11,063 and the False Claims Act, 31 U.S.C. § 3729. (Am. Compl., Dkt. No. 41.) On September 23, 2016, the Court again dismissed plaintiff's action with leave to amend her FHA claim because, in her amended complaint, she asserted the claim based

1

on a new theory (*i.e.*, pregnancy and familial status discrimination, as opposed to the theory asserted in her complaint, discrimination based upon her relationship with her fiancé). (Dkt. No. 60 at 11.) On November 22, 2016, plaintiff filed a second amended complaint, asserting a discrimination claim pursuant to the FHA, as well as a promissory estoppel claim. (Sec. Am. Compl. ¶ 65.) Defendant moved to dismiss the second amended complaint on January 17, 2017. (Dkt. No. 69.) By Order dated April 6, 2017, the Court referred defendant's motion to Magistrate Judge Shields for a report and recommendation. (Dkt. No. 73.)

On June 16, 2017, Magistrate Judge Shields issued a Report and Recommendation (the "R&R"). (Dkt. No. 74.) The R&R recommended that the Court grant defendant's motion to dismiss, and that plaintiff's second amended complaint be dismissed with prejudice. (*Id.* at 2.) On June 30, 2017, plaintiff filed objections to the R&R ("plaintiff's objections"). (Dkt. No. 76.) On July 18, 2017, defendant filed a memorandum in opposition to plaintiff's objections. (Dkt. No. 79.) Plaintiff filed a reply memorandum on July 24, 2017. (Dkt. No. 80.) The Court has fully considered the parties' submissions. For the reasons set forth below, the Court adopts the well-reasoned and thorough R&R in its entirety.

**Standard of Review**

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection

to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## Plaintiff's Objections

Plaintiff objected to the R&R on the following grounds: the R&R excluded evidence submitted along with her opposition to the motion to dismiss (Dkt. No. 76 at 1-2, 13); the R&R's statement that "Galvez and Plaintiff filed an action in State court attempting to prevent the foreclosure," (R&R at 3-4), is incorrect because defendant's counsel filed an eviction action in state court (Dkt. No. 76 at 3); Fannie Mae needs to clarify its statement in state court that Galvez would benefit from plaintiff's purchase of the property, which she states was based on her status of being pregnant (*id.* at 3-4); defendant was on notice that she was pregnant due to an ex-parte communication made by Galvez in the state proceeding (*id.* at 5-6); Magistrate Judge Shields "didn't understand what fact, and/or documentation that she was taking Judicial Notice of" (*id.* at 9); plaintiff meets the criteria of the ruling in *Mitchell v. Shane*, 350 F.3d 39 (2d Cir. 2003) (*id.* at 10); there was collusion between her former attorney and defendant's counsel (*id.* at 10-11); defendant's counsel employed trickery to defraud Galvez; defendant's counsel did not provide witness testimony as to any nondiscriminatory reason why defendant did not sell the

3

property to plaintiff after she made a bona fide offer (*id.* at 11); the R&R failed to take into account plaintiff's expert opinion evidence (*id.* at 12); and that, based upon the evidence plaintiff submitted, it was clear that defendant was bound to give plaintiff the right of first refusal on the purchase of the property (*id.* at 13).

Plaintiff also requests that, in the event the Court adopts the R&R and grants defendant's motion to dismiss, she be granted leave to appeal her claim to the Court of Appeals. (*Id.* at 13.)

**Analysis**

Having conducted a review of the full record and the applicable law, and having conducted a *de novo* review of the entire R&R, the Court adopts the findings and recommendations contained in the R&R in their entirety.

In particular, the Court finds that the R&R applied the correct legal standard to plaintiff's FHA claim, and correctly determined that plaintiff failed to plausibly allege in her second amended complaint that she was discriminated against *because* she had minor children and/or was pregnant. (*See* R&R at 9.) In other words, plaintiff did not allege any facts supporting a plausible inference that defendant rejected her bids for the property because of her familial status or her pregnancy. Instead, the second amended complaint simply contains a series of conclusory assertions As such, as Magistrate Judge Shields correctly concluded, plaintiff's FHA claim fails as a matter of law.

The Court has considered plaintiff's objections and determines that they do not cure the defect contained in the FHA claim. In particular, even after liberally construing plaintiff's objections, the Court determines that plaintiff's objection that defendant's counsel filed an eviction action in state court (Dkt. No. 76 at 3) is not relevant to the determination that she failed to state a plausible claim of discrimination based on familial status and/or pregnancy. Further,

4

plaintiff did not explain her objections that Magistrate Judge Shields "didn't understand what fact, and/or documentation that she was taking Judicial Notice of" (Dkt. No. 76 at 9), nor her assertion that the R&R failed to take into account plaintiff's expert opinion evidence (*id.* at 12), and the Court is unable to construe the objections in any way that undermines the well-reasoned and thorough analysis of the R&R. Further, to the extent plaintiff asserts a legal conclusion as the basis for one of her objections, namely, that she does meet the criteria of *Mitchell v. Shane*, 350 F.3d 39 (2d Cir. 2003), the Court disagrees.[1] In addition, with respect to plaintiff's objection that defendant's counsel did not provide witness testimony as to any nondiscriminatory reason why defendant did not sell the property to plaintiff, the Court determines that it was not defendant's burden to provide such testimony given plaintiff's failure to even allege a plausible discrimination claim that survives a motion to dismiss.

Concerning plaintiff's assertion that defendant needs to clarify its statement that Galvez would benefit from plaintiff's purchase of the property, no reasonable inference can be drawn from this statement that defendant discriminated against her on the basis of her pregnancy or familial status. With respect to plaintiff's remaining objections, the Court has considered them and determines that they do not support a plausible claim of discrimination. Plaintiff points to the following allegations: (1) defendant was aware that plaintiff was pregnant; (2) plaintiff's former attorney and defendant's counsel colluded against her; (3) defendant's counsel defrauded Galvez; and (4) defendant was bound to give plaintiff the right of first refusal on the purchase of the property. However, these are nothing more than conclusory allegations of discrimination, which are not enough for an FHA claim to survive a motion to dismiss. *See*

---

[1] In particular, in *Mitchell*, plaintiff submitted evidence that the real estate agent treated plaintiffs differently from white prospective purchasers by not giving them the opportunity to make a counter-offer to a superior bid. *Mitchell*, 350 F.3d at 49-50. Here, as noted above, plaintiff has set forth insufficient allegations to support any plausible discrimination claim.

5

*Wiltshire v. Dhanraj*, 421 F. Supp. 2d 544, 55 (E.D.N.Y. 2005). In other words, they are not fact-specific allegations that articulate a plausible causal link between defendant's conduct and plaintiff's familial status or pregnancy. *See, e.g., Francis v. Kings Park Manor, Inc.*, 91 F. Supp. 3d 420, 433 (E.D.N.Y. 2015).[2] As a result, the Court agrees with the R&R and dismisses plaintiff's FHA claim.

The Court has also considered whether plaintiff should be granted leave to re-plead. Though mindful of the plaintiff's *pro se* status, the Court finds that any attempt to amend the second amended complaint would be futile. Here, the deficiencies in plaintiff's FHA claim are substantive in nature and, as such, cannot be remedied by amendment. Despite these deficiencies, the Court afforded plaintiff one opportunity to amend her discrimination claims based on familial status and pregnancy, and plaintiff has been given two opportunities to amend her FHA claim since initiating the instant action. Accordingly, the Court declines to grant plaintiff leave to file an amended complaint. *See, e.g., Ackerman v. Doyle*, 43 F. Supp. 2d 265, 275 (E.D.N.Y. 1999) ("[T]he Court is unable to discern a viable cause of action from the complaint, and the plaintiff did not request leave to replead. The Court declines to *sua sponte* afford the plaintiff leave to amend on the ground of futility. In the Court's view, granting leave to amend would be unproductive and dismissal with prejudice is appropriate.").

In light of the foregoing, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly,

IT IS HEREBY ORDERED that the motion to dismiss (Dkt. No. 69) is granted, the federal claims are dismissed with prejudice, and the state law claims are dismissed without prejudice. The Clerk of the Court shall close this case. The Court certifies pursuant to 28 U.S.C.

---

[2] The Court, having dismissed the FHA claim, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's state-law claims.

§ 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2017
Central Islip, NY