17-2867
*Felicia Palmer v. Fannie Mae*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand eighteen.

Present:
        JOHN M. WALKER, JR.
        GUIDO CALABRESI,
        DEBRA ANN LIVINGSTON
          *Circuit Judges*,

_____

FELICIA PALMER, FKA FELICIA DUDLEY,

      *Plaintiff-Appellant*,

      v.                                                                          17-2867

FANNIE MAE,
A/K/A FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

      *Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | JESSICA ENGLE, Rule 46.1(e) Law Student, (Michael Martin, Ian Weinstein, *on the brief*) Lincoln Square Legal Services, Inc., Fordham Law School, New York, NY |
| For Defendant-Appellee: | JOHN A. DICARO, Shapiro DiCaro & Barak, LLC, Rochester, NY |

CERTIFIED COPY ISSUED ON 11/07/2018

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part.

Plaintiff-Appellant Felicia Palmer appeals from the July 28, 2017 decision and order of the district court dismissing her second amended complaint ("Palmer's complaint") with prejudice for failure to state a claim. Palmer's complaint alleges that the defendant, the Federal National Mortgage Association ("Fannie Mae"), violated the Fair Housing Act of 1968 ("FHA"), 42 U.S.C. §3601 *et seq*., in rejecting her offers to purchase a property located in Amityville, New York. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the grant of a motion to dismiss under Rule 12(b)(6) *de novo*, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) (internal quotations omitted). Palmer's *pro se* complaint is "entitled to special solitude" by reading the "pleadings to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d. Cir. 2015). "At the same time, a *pro se* complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Hayden v. Paterson*, 594 F. 3d 150, 161 (2010) (citing *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009)).

In a disparate-treatment case, such as this one, a "plaintiff must establish that the defendant had a discriminatory intent or motive." *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2513 (2015). "Because discriminatory intent is rarely susceptible to direct proof, litigants may make a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Hayden*, 594 F.3d at 163. Accordingly, when adjudicating FHA claims, in the absence of "direct proof" we apply the burden-shifting standard supplied by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008) (applying *McDonnell Douglas* to an FHA claim). Pursuant to this framework, once a plaintiff has established a prima facie case of discrimination, the burden shifts to the defendant to assert a legitimate, nondiscriminatory rationale for the challenged decision. *See Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003).

At the pleading stage, however, "a plaintiff is not required to plead a *prima facie* case under *McDonnell Douglas* at least as the test was originally formulated, to defeat a motion to dismiss." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015). Instead, a plaintiff can survive a motion to dismiss if the plaintiff can allege facts that support a plausible claim that the plaintiff was "a member of a protected class," suffered relevant "adverse" treatment, and "can sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).[1] In other words, "because a temporary presumption of discriminatory motivation is created under the first prong of the

---

[1] Though *Littlejohn* and its progeny concerned the pleading standard for employment discrimination claims, *Littlejohn* addressed the effects of the Supreme Court's decisions in *Twombly* and *Iqbal* on the *McDonnell Douglas* framework and is thus relevant to the consideration of pleading FHA claims, a context in which we utilize this framework. Indeed, *Littlejohn* and *Vega* relied on the Supreme Court's decision in *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002), a decision we have stated "applies with equal force to any claim . . . that the *McDonnell Douglas* framework covers." *Williams v. N.Y. City Hous. Auth.,* 458 F.3d 67, 72 (2d Cir. 2006) (applying *Swierkiewicz* to an FHA claim).

*McDonnell Douglas* analysis, a plaintiff need only give plausible support to a minimal inference of discriminatory motivation" at the pleading stage. *Vega*, 801 F.3d at 84 (internal quotations omitted).

Here, we agree with the district court that, at this juncture, Palmer has failed to provide facts that could plausibly support even a minimal inference of discriminatory motivation. Palmer's complaint merely raises conclusory allegations that Fannie Mae "discriminated against [her], a pregnant woman," but fails to offer any facts to support such allegations. *See Iqbal*, 556 U.S. at 681 (noting that "conclusory" allegations are "not entitled to be assumed true"). Palmer's complaint alleges that between September and December 2012, a period late in her pregnancy, she made three offers to purchase the Amityville property for $105,000, $102,000 and $125,000 respectively. Fannie Mae rejected each of Palmer's three offers, making counteroffers each time of sales prices of over $280,000. Standing alone, however, Fannie Mae's mere awareness of Palmer's pregnancy and refusal of Palmer's offers to purchase the property does not provide sufficient support for her allegation of discriminatory intent.

Palmer also appeals the district court's refusal to grant her leave to amend her complaint on futility grounds. Rule 15(a) of the Federal Rules of Civil Procedure instructs that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). Accordingly, "[a] *pro se* plaintiff's proposed amended complaint should be construed to raise the strongest arguments it suggests." *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013). "[W]hile 'futility' is a valid reason for denying a motion to amend, this is true only where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Id.* (internal quotations omitted). "We review a district court's decision to permit or deny

4

leave to amend for abuse of discretion, but we review the denial of leave to amend based on futility *de novo*." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015).

Here, we agree with Palmer that the district court erred in denying her leave to amend her complaint. Although Palmer has not proffered a formal proposed amended complaint, Palmer has highlighted facts before this Court that, if properly pled in an amended complaint, could plausibly support a minimal inference of discrimination. For example, Palmer alleges that Fannie Mae rejected her market rate offers in favor of a lesser offer, and that Fannie Mae changed its negotiating position upon learning of her pregnancy. At the pleading stage, "a retaliatory purpose can be shown indirectly by timing: protected activity followed closely in time by adverse . . . action." *Vega*, 801 F.3d at 90. Similarly, Palmer suggested at oral argument that Fannie Mae determined she was not a qualified buyer on account of her pregnancy, perhaps concluding that her relationship with her then-fiancé was more serious or lasting because she was pregnant. Moreover, to make out a case of discrimination of this sort, a plaintiff may not need to prove that her protected status was a but-for cause of the adverse action she suffered, but only a motivating factor. *See, e.g.*, *id.* at 86; *MHANY Management Inc. v. Incorporated Village of Garden City*, 985 F. Supp. 2d 390, 420-423 (E.D.N.Y. 2013). Construing Palmer's proposed changes to "raise the strongest arguments" they suggest, *Grullon*, 720 F.3d at 140, we cannot determine that her proposed amendment would be futile. We accordingly remand the case to the district court to allow Palmer to amend her complaint.[2]

\*   \*   \*

---

[2] We commend the Fordham Law School clinic for its fine advocacy in this case, and believe it would be beneficial for counsel to continue representing Palmer at the district court level.

For the foregoing reasons, we **VACATE** the judgment below to the extent that it dismissed with prejudice Palmer's FHA claim. We **REMAND** to the district court so that Palmer may be provided the opportunity to amend the complaint. In all other respects, we **AFFIRM** the judgment of the district court.

                      FOR THE COURT:
                      Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6